UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CARIBBEAN FARMERS MARKET, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Quetsy Cruz ("Cruz"), who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that the Defendant Caribbean Farmers Market, Inc. ("Defendant"), engaged in intentional discrimination against Cruz by subjecting her to a hostile work environment because of sex, female, and by failing to take prompt and effective remedial action to remedy the hostile work environment, in violation of Title VII. The Commission further alleges that the Defendant constructively discharged Cruz.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)(1), 5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant, a Georgia corporation, has been continuously doing business in the State of Georgia and the City of Decatur, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Cruz filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On July 13, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 1, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least June 2015, Defendant has engaged in unlawful employment practices at its Decatur, Georgia store in violation of Section 703(a)(l) of Title VII, 42 U.S.C. § 2000e-2(a)(l), by subjecting Cruz to a hostile work environment based on her sex, female, and by constructively discharging her.

11. Defendant hired Cruz as a Produce Department Associate in September 2013.

12. In or around June 2015, Defendant promoted a new employee to the position of Produce Department Manager and the employee became Cruz's supervisor.

13. Beginning around that same month until Cruz's February 25, 2016 resignation, the Produce Department Manager began to harass Cruz by touching her inappropriately, subjecting her to unwelcome sexual advances, and showing her pornographic photographs.

14. Specifically, the Produce Department Manager's unlawful conduct included, but is not limited to, the following:

   a. In, or around November 2015, he showed Cruz pornographic photos of female genitalia and asked which photo most resembled hers;

   b. In January 2016, he attempted to coerce Cruz into ingesting a soup that he prepared which contained his semen;

   c. He repeatedly asked Cruz about her sexual relationship with her husband and told her to abstain from having sexual intercourse with her husband;

   d.  He showed Cruz a cellphone photo of his penis and asked her if it was larger than her husband's penis;

   e.  On at least five occasions between September 2015 and February 25, 2016, he wrapped his arms around Cruz from behind and pressed his groin into her buttocks;

   f.  In February 2016, he gave Cruz a bottle of baby oil and told her to masturbate with the oil in front of a mirror; and

   g.  Between September 2015 and February 25, 2016, he grabbed Cruz's buttocks as she bent over three separate times.

   h.  When the Produce Department Manager grabbed Cruz's buttocks on February 25, 2016, she told him that she intended to call the police. He confronted Cruz as she subsequently attempted to leave the store, yelled at her, and struck her on the arm. The Store Manager who directly supervised the Produce Department Manager witnessed the incident but failed to intervene.

  15.  Cruz called the police from the store's parking lot, and filed a police report which resulted in a criminal complaint filed against the Produce Department Manager which he subsequently plead guilty to, *inter alia*, sexual battery. Nonetheless, Defendant paid the Produce Department Manager's criminal fines and allowed him to return to work in a supervisory role.

  16.  As a result of the on-going harassment, Defendant's failure to remedy the situation, and its protection of the Produce Department Manager, Cruz's work conditions became so intolerable that she felt compelled to resign on February 25, 2016.

  17.  At all times, Cruz was offended by and objected to the Produce Department Manager's alleged unlawful conduct.

4

18. The sexual harassment and hostile work environment to which Cruz was subjected was perpetrated by one of Defendant's employees with direct supervisory authority over her, and occurred on a frequent and routine basis over a substantial period of time.

19. Defendant knew or should have known of the sexually hostile work environment because its other supervisors observed it, because of its frequent and notorious nature, and/or because Cruz complained about it.

20. Defendant failed to take prompt or effective action to prevent, correct or remedy the sexually hostile work environment.

21. The effect of the practices complained of above has been to deprive Cruz of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her sex, female.

22. The unlawful employment practices complained of above were intentional.

23. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Cruz, an employee who was aggrieved by the discriminatory practices.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and engaging in any other employment practices which discriminate against female employees based on their sex.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all female employees and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Cruz whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make Cruz whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Cruz whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Cruz punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                                  Respectfully Submitted,

                                                  JAMES L. LEE
                                                  Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

s/Lakisha Duckett Zimbabwe
LAKISHA DUCKETT ZIMBABWE
Georgia Bar No. 231641
Supervisory Trial Attorney
lakisha.duckett-zimbabwe@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(404) 562- 6815 (direct dial)
(404) 562-6905 (facsimile)